```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JOHN DOE,                                                              :
                                                                       :
                              Plaintiff,                               :
                                                                       :         24 Civ. 8852 (JPC)
              -v-                                                      :
                                                                       :              ORDER
SEAN COMBS, et al.,                                                    :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On November 20, 2024, Plaintiff commenced this action by filing a Complaint under the pseudonym "John Doe," Dkt. 1 ("Compl."), and simultaneously moved for leave to proceed anonymously, Dkt. 4. Plaintiff alleges that Defendant Sean Combs sexually assaulted him at a house party in New York City in 2022. Compl. ¶¶ 36-43. Specifically, Plaintiff alleges that, on the date of the assault, he blacked out after Combs drugged him using the date-rape drug Rohypnol. *Id.* ¶¶ 9, 38-39. Plaintiff further alleges that when he woke up in a bedroom, Combs was "on top of him, sodomizing him." *Id.* ¶ 40. Plaintiff contends that he was traumatized by the assault and has suffered severe emotional distress as a result. *Id.* ¶ 43. Plaintiff also has requested the issuance of summonses as to Defendants. No Defendant has appeared yet in this case.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). There is a presumption that a plaintiff will proceed under his own name. *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of

anonymity, a party must make a case rebutting that presumption."). The Second Circuit has directed district courts to consider ten factors in balancing these competing interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 42 (citing *Sealed Plaintiff*, 537 F.3d at 189-90). Whether to allow a party to proceed anonymously is within the sound discretion of the district court. *Sealed Plaintiff*, 537 F.3d at 190.

After careful review of the above ten factors, the Court finds that, at least for present purposes until Defendants appear and are heard on the matter, Plaintiff has met his burden of rebutting the presumption that he will proceed under his own name. The Court concludes that factors one, two, five, six, seven, and ten weigh in his favor. Regarding the first factor, this case

entails highly sensitive and personal matters involving allegations of sexual abuse. Compl. ¶¶ 36-43. On the second factor, the Complaint alleges that Plaintiff has suffered emotional distress as a result of the assault, and thus "[t]he nature of the allegations make it logical to conclude at this early stage that disclosure of Plaintiff's identity would cause further psychological harm to Plaintiff which is the precise harm th[is] litigation seeks, in part, to redress." *Doe v. Indyke*, No. 19 Civ. 7771 (PKC) (S.D.N.Y. Sept. 12, 2019), Dkt. 28 at 2. The fifth factor also weighs in Plaintiff's favor because this suit does not involve a challenge to government action. As to the sixth factor, there is no apparent prejudice to Defendants from Plaintiff proceeding anonymously at this early stage of the litigation, prior to Defendants' appearance. Plaintiff's identity has been kept confidential so far, so the seventh factor also weighs in his favor. Finally, with respect to the tenth factor, the Court is unaware of any alternative mechanisms to protect Plaintiff's identity.

On the other hand, the Court finds that the third and fourth factors are neutral, while the eighth and ninth factors weigh against Plaintiff. As to the third and fourth factors, Plaintiff identifies no other harms that disclosure of his identity might cause, and he has not contended that his age or any unique physical condition makes him particularly vulnerable to harm. The eighth factor weighs against Plaintiff given the media's significant interest in cases surrounding Combs. The ninth factor tilts marginally against Plaintiff because the issues in this case are likely not of a purely or predominantly legal nature. None of these factors, however, outweigh the factors that lean in favor of granting Plaintiff's motion at this stage.

In sum, after weighing the factors outlined in *Sealed Plaintiff*, the Court concludes that Plaintiff may proceed at this stage under the pseudonym "John Doe." This Order permitting Plaintiff to proceed anonymously shall remain in effect only until the later of (1) thirty days following service of the Complaint, or (2) the Court's ruling on any timely renewed motion to proceed anonymously. Any renewed motion must be filed within thirty days after service of the

Complaint. In the absence of a timely motion, the Court shall order the name of the Plaintiff be disclosed. The Clerk of Court is respectfully directed to close the motion at Docket Number 4 and to issue the requested summonses.

    SO ORDERED.

Dated: November 22, 2024
       New York, New York

                                                JOHN P. CRONAN
                                         United States District Judge