# SHER TREMONTE LLP

BY ECF                                                                                              March 4, 2025
The Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

      Re:    *John Doe v. Sean Combs, et al.*, 24-CV-08852 (JPC)
             <u>Pre-Motion Letter: Request to Set Briefing Schedule</u>

Dear Judge Cronan:

      We write on behalf of our clients Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants"), pursuant to the Court's Individual Rule 6.A, to respectfully notify the Court of the Combs Defendants' intention to file a motion to dismiss Plaintiff John Doe's Complaint (ECF #1, the "Complaint") in its entirety with prejudice. The Combs Defendants respectfully propose the following briefing schedule for their anticipated motion: Motion to dismiss due April 1, 2025; Plaintiff's response due April 30, 2025; and the Combs Defendants' reply due May 24, 2025.

      Mr. Combs denies the entirely false and salacious claims against him in the Complaint and is confident that he and the Company Defendants (against whom no misconduct or participation is even alleged) would be fully vindicated if this case were to proceed to trial. This case, however, should be dismissed at the pleading stage because Plaintiff's single claim, brought under New York City's Victims of Gender-Motivated Violence Protection Law ("GMVL"), fails as a matter of law.

      Plaintiff alleges that Mr. Combs sexually assaulted him at a party in 2022. Plaintiff's GMVL claim fails because he does not allege the required element of gender animus. Plaintiff does not allege *any* facts sufficient to support a plausible inference that Mr. Combs' alleged same-sex assault against him was somehow motivated Mr. Combs' hatred for his own gender. To the contrary, Plaintiff (falsely and maliciously) alleges that Mr. Combs has a long history of victimizing both men and women indiscriminately. *See Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (dismissing GMVL claim for failure to plead "any facts showing that defendant's alleged acts demonstrated any hostility based on gender").

      Plaintiff's GMVL claim fails as against the Company Defendants for two additional reasons. First, the Complaint does not comply with the mandate of Rule

Hon. John P. Cronan
March 4, 2025
Page 2

8(a)(2) of the Federal Rules of Civil Procedure that a complaint "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Plaintiff simply "lump[s] all the [Company Defendants] together" and "provid[es] no factual basis to distinguish their conduct." *See id.* Accordingly, dismissal for impermissible group pleading is warranted. *See, e.g.*, *Bardwil Indus. Inc. v. Kennedy*, No. 19 Civ. 8211 (NRB), 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Second, there are no allegations of specific conduct by any of the Company Defendants, let alone all of them, that could render them liable under the GMVL. The Complaint fails to differentiate at all between the Company Defendants, nor does it allege any specific conduct by them. The Complaint's vague and conclusory references to the Company Defendants do not suffice to show that they "direct[ed], enable[d], participate[d] in, or otherwise conspire[d] in the commission of a crime of violence motivated by gender" as required to state a GMVL claim against them. N.Y.C. Admin. Code § 10-1104.

For the foregoing reasons, the Combs Defendants respectfully request that the Court set a briefing schedule for their anticipated motion to dismiss.

> Respectfully submitted,
>
> */s/ Mark Cuccaro*
> Michael Tremonte
> Mark Cuccaro
> Erica A. Wolff
> Raphael A. Friedman

CC: All Counsel of Record (via ECF and email)

---

The Court's Individual Civil Rule 6.A provides that upon the filing of a pre-motion letter, "[a]ll parties served with the pre-motion letter must submit a letter response, also not to exceed three pages absent leave of the Court, within three business days from the submission of the pre-motion letter." Plaintiff's deadline to respond to Defendants' March 4, 2025 pre-motion letter was therefore March 7, 2025. That deadline has passed and the docket does not reflect the entry of a response. Plaintiff shall file a response to the pre-motion letter by March 11, 2025.

SO ORDERED.
Date: March 10, 2025
New York, New York

JOHN P. CRONAN
United States District Judge