UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                       :

JOHN DOE,                                 :

                Plaintiff,            :

                                     :

              -v-                  :          24 Civ. 8852 (JPC)

                                     :

SEAN COMBS, *et al.*,                :        <u>OPINION AND ORDER</u>

                Defendants.       :

                                     :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      This case is one of dozens filed in this District by plaintiffs who allege sexual assault at the hands of Sean Combs, globally known by his stage name "P. Diddy." Like many of those other plaintiffs, the plaintiff here commenced his action anonymously. Using the pseudonym "John Doe," Plaintiff filed his Complaint on November 20, 2024, Dkt. 1 ("Compl."), and simultaneously moved for leave to proceed anonymously, Dkt. 4. On November 22, 2024, before any Defendant had yet appeared, the Court issued an Order allowing Plaintiff to proceed as "John Doe" initially, on the condition that leave to appear anonymously "shall remain in effect only until the later of (1) thirty days following service of the Complaint, or (2) the Court's ruling on any timely renewed motion to proceed anonymously." Dkt. 8 at 3. The Court added that if Plaintiff failed to file a renewed motion within thirty days of service of the Complaint, it would order disclosure of his name. *Id.* at 3-4.

      Defendants—which include Combs and several of his businesses—now have been served with the Complaint and have appeared. On January 13, 2025, Plaintiff timely filed a renewed motion to appear anonymously. Dkts. 14, 15 ("Buzbee Decl."), 16 ("Motion"), 17. On March 4, 2025, Defendants opposed that motion. Dkt. 36 ("Opposition"). For the following reasons, the

motion is denied.

## I.  Background

As recounted in the Court's November 22, 2024 Order, Plaintiff accuses Combs of sexual assault at a house party in New York City in 2022.  Compl. ¶¶ 36-43.  Plaintiff alleges that, on the date of the assault, he blacked out after Combs drugged him with Rohypnol.  *Id.* ¶¶ 9, 38-39.  According to Plaintiff, when he later woke up in a bedroom, Combs was "on top of him, sodomizing him."  *Id.* ¶ 40.  Plaintiff contends that he was traumatized by this assault, leading to severe emotional distress.  *Id.* ¶ 43.

## II.  Legal Standard

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).  There is a presumption that a plaintiff will proceed under his own name.  *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption."); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").  The Second Circuit has directed district courts to consider ten factors in balancing these competing interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of

disclosure particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Pilcher*, 950 F.3d. at 42 (citing *Sealed Plaintiff*, 537 F.3d at 189-90). In considering an anonymity motion, a judge "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4. Whether to allow a party to proceed anonymously is within the sound discretion of the district court. *Id.* at 190.

### III.  Analysis

After careful review of the above ten factors, the Court finds that Plaintiff has failed to rebut the presumption that he will proceed under his own name and therefore denies Plaintiff's motion to proceed anonymously.

### A.  Factors One and Seven: Plaintiff's Privacy Interest

Factors one and seven, which take into account a party's privacy interest, both lean in Plaintiff's favor. As to factor one, this litigation concerns allegations of sexual assault that occurred when Plaintiff was victimized after being drugged. Such allegations are "highly sensitive and of a personal nature." *Pilcher*, 950 F.3d at 42. This factor alone is not dispositive, however,

3

as other judges have likewise concluded when resolving anonymity motions filed by other plaintiffs asserting sexual assault allegations against Combs. *See, e.g.*, *Doe v. Combs* ("*Combs II*"), No. 24 Civ. 8054 (MKV), 2024 WL 4635309, at *2 (S.D.N.Y. Oct. 30, 2024) (finding that this first factor was "not dispositive" and observing that "many courts in this District have denied motions to proceed under a pseudonym despite concluding that the plaintiff's allegations were highly sensitive and personal"); *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (in another case involving allegations of sexual assault by a public figure, observing that "[c]ourts in this district have explained that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym").

Turning to factor seven, Anthony G. Buzbee, who describes himself as Plaintiff's "counsel" in a filing in support of the anonymity motion, Buzbee Decl. ¶ 1,[1] declares that Plaintiff "has not spoken publicly about the incidents that underlie the causes of action in his Complaint." *Id.* ¶ 7. Nor has the Court been presented with any evidence of public disclosure of Plaintiff's identity. Factor seven thus weighs in Plaintiff's favor as well. But even the conjunction of factors one and seven is "not dispositive." *Doe v. Combs* ("*Combs III*"), No. 24 Civ. 8810 (LAK), 2025 WL 268515, at *2 (S.D.N.Y. Jan. 22, 2025).

**B. Factors Two and Three: Plaintiff's Harm**

Factors two and three assess the potential harm to the movant from disclosure. Factor two concerns "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties," while factor three asks "whether identification presents other harms and the likely severity of those harms." *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks omitted and alterations adopted).

---

[1] Although Mr. Buzbee signed the Complaint, Compl. at 19, the Complaint was filed by Antigone Curis, and Mr. Buzbee never entered an appearance in this case. Ms. Curis is the only attorney-of-record on the docket for Plaintiff.

The Court finds factor two to be neutral.  The Complaint alleges that Plaintiff has suffered "severe emotional distress" as a result of the alleged assault.  Compl. ¶ 43.  For the purposes of Plaintiff's first motion to appear anonymously, the Court credited this harm given the "early stage" of the proceeding and the preliminary nature of the resulting November 22, 2024 Order.  Dkt. 8 at 3 (quoting *Doe v. Indyke*, No. 19 Civ. 7771 (PKC) (S.D.N.Y. Sept. 12, 2019), Dkt. 28 at 2).  Now that Defendants have appeared and have opposed the motion, Plaintiff's claim of harm under factor two merits closer scrutiny.

Plaintiff contends that his "experiences . . . are deeply traumatic," and argues that "having those experiences played out in a public forum could spark more trauma for Plaintiff."  Motion at 6.[2]  But "[i]n this context, public humiliation is not enough."  *Combs II*, 2024 WL 4635309, at *3 (internal quotation marks omitted); *see Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (holding that "claims of public humiliation and embarrassment . . . are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously").  Instead, "[w]here a plaintiff claims that disclosure will harm that person's mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff."  *Doe v. Combs* ("*Combs I*"), No. 23 Civ. 10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (collecting cases).  That corroborating evidence "must detail how revealing plaintiff's name in particular, as opposed to the trauma that could occur through reliving the experience through litigation, would cause harm."  *Id.* (collecting cases).

Plaintiff has not identified any particularized harm that would result from disclosure, nor has he provided any corroboration or evidentiary basis to assume that would be the case.  Plaintiff instead relies on a general assertion that disclosure will cause him unspecified emotional distress.

---

[2] Because the Motion does not have page numbers, the Court cites to the Motion using the corresponding ECF-generated page number.

While the Court does not doubt that an incident of sexual assault is often if not always traumatic for the victim, a "conclusory assertion of the possibility of generalized harm – applicable to all victims of sexual assault – is insufficient to carry [Plaintiff's] burden." *Combs III*, 2025 WL 268515, at *3; *see also id.* (distinguishing Plaintiff's cited authority, *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999), *see* Motion at 6, because in *Smith* "[t]he court did not grant the motion until the plaintiff substituted specific evidence from a medical professional predicting that revelation of her identity will likely cause psychological and emotional pain" (internal quotation marks omitted and alteration adopted)).

Thus, courts considering factor two in similar lawsuits alleging sexual assault by Combs have found conclusory assertions of mental harm to be insufficient. *See Combs I*, 2024 WL 863705, at *3-4; *Combs II*, 2024 WL 4635309, at *3; *Combs III*, 2025 WL 268515, at *2-4. These decisions reflect the "well-established [principle] that counsel's conclusory statements and speculation about mental harm to Plaintiff are insufficient" to overcome the presumption against anonymity. *Combs II*, 2024 WL 4635309, at *3 (collecting cases). While Plaintiff contends that this lawsuit has attracted media attention, *see* Motion at 6,[3] the likely public disclosure of Plaintiff's identity also is not, by itself, sufficient to merit continued anonymity in this litigation. *See Weinstein*, 484 F. Supp. 3d at 95 ("Even when a defendant's notoriety will likely cause a case to attract significant media attention, a plaintiff's concerns about public humiliation and embarrassment generally are not sufficient grounds for allowing her to proceed anonymously." (internal quotation marks omitted and alterations adopted)); *see also Shakur*, 164 F.R.D. at 362.

The Court also finds no basis to assume that Plaintiff's identification would pose a risk of

---

[3] While Plaintiff asserts that "the filing of this lawsuit has garnered significant attention in the press," Motion at 6, he points to no specific media coverage. Nonetheless, the Court assumes that civil lawsuits alleging sexual assault by Combs, such as this one, can be expected to attract media attention.

retaliatory physical harm to him or harm more generally to innocent non-parties. Although Mr. Buzbee states in his declaration that Combs has threatened violence against many of his other clients or against those clients' families, Buzbee Decl. ¶ 5, Mr. Buzbee does not contend that Plaintiff was similarly threatened nor does he provide any details as to those other threats. This vague representation as to individuals other than Plaintiff is insufficient to establish a risk of physical harm to Plaintiff himself, even assuming Mr. Buzbee's unsworn declaration is properly before the Court. *See Combs III*, 2025 WL 268515, at *3 (rejecting the sufficiency of a similar declaration from Mr. Buzbee because "[t]here is no basis for assuming that plaintiff's counsel has reliable information to that effect" and "the plaintiff has not stated whether he – rather than unspecified others – experienced any such threats"); *Doe v. Combs* ("*Combs IV*"), No. 24 Civ. 7777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025) (rejecting a similar declaration from Mr. Buzbee because "the declaration is not sworn or made under penalty of perjury under the laws of the United States and is thus inadmissible" (citing 28 U.S.C. § 1746; *Cobalt Multifamily Invs. I, LLC v. Arden*, 857 F. Supp. 2d 349, 355 (S.D.N.Y. 2011))). Nor does Plaintiff make any argument that disclosure of his identity would result in harm to innocent non-parties. Factor two thus does not weigh in favor of granting Plaintiff's motion.

Factor three is also neutral. Plaintiff provides no indication of what "other harms" might result from disclosure of his identity. *Sealed Plaintiff*, 537 F.3d at 190; *see Combs II*, 2024 WL 4635309, at *4 ("Turning to the third *Sealed Plaintiff* factor, Plaintiff does not argue that she faces 'other' severe harms for which the second factor does not account."). Nor would "the injury litigated against . . . be incurred as a result of the disclosure of the plaintiff's identity," given the nature of the injury complained of here. *Sealed Plaintiff*, 537 F.3d at 190. To the extent Plaintiff's arguments concerning the potential deterrence effect of disclosure, Motion at 8-9, can be construed as speaking to factor three, those arguments are addressed at *infra* III.D in assessing the public

interest. "Accordingly, the Court finds that Plaintiff's assertions of potential harms are speculative, unsupported by evidence, and insufficient to justify anonymity in this case." *Combs II*, 2024 WL 4635309, at \*4.

### C. Factor Four: Plaintiff's Vulnerability

Under factor four, a court must consider the party's vulnerability, "particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff offers no argument as to why he would be particularly vulnerable to any harm, nor how his age would increase the likelihood of harm. *See generally* Motion. As such, the fourth factor weighs against Plaintiff. *See Doe v. Townes*, No. 19 Civ. 8034 (ALC) (OTW), 2020 WL 2395159, at \*5 (S.D.N.Y. May 12, 2020); *see also Combs II*, 2024 WL 4635309, at \*4 (holding that because the plaintiff "has not identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names . . . the fourth factor weighs against Plaintiff's request to proceed under a pseudonym").

### D. Factors Five, Eight, and Nine: The Public Interest

Factors five, eight, and nine, which each in some manner account for the public interest, all weigh in Defendants' favor. Factor five pertains to whether the suit concerns actions of the government or private parties. *See Combs IV*, 2025 WL 722790, at \*3 ("When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." (quoting *Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at \*6 (S.D.N.Y. Mar. 31, 2019))). This action is brought against private parties, and "[c]ourts are loathe to grant a motion to proceed anonymously against private parties." *Combs II*, 2024 WL 4635309, at \*4 (collecting cases). That is because "there is a significant interest in open judicial proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 532

(S.D.N.Y. 2021) (internal quotation marks omitted).  As such, factor five weighs in favor of disclosure.

The eighth factor considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190.  Plaintiff argues that "the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim." Motion at 8.  This view of the public interest in this litigation is too narrow.  The public also has "a legitimate interest in knowing the underlying facts of a litigation, including the identities of litigants." *Combs I*, 2024 WL 863705, at *5.  Here, "the public's interest is magnified because the plaintiff has made his allegations against a public figure."  *Combs III*, 2025 WL 268515, at *4 (internal quotation marks omitted and alterations adopted); *see Combs IV*, 2025 WL 722790, at *3 ("[T]he potential for media attention is present in every case against a public figure, but those are correspondingly the cases for which the public interest in understanding the allegations is highest.").

As previewed above, Plaintiff additionally maintains that denial of his motion may deter other sexual assault victims from coming forward.  Motion at 8-9.  The likelihood of such a chilling effect is remote.  Plaintiff himself was "not deterred by the long line of previous cases in which courts in this District have rejected motions to proceed under a pseudonym brought by alleged victims of sexual assault who have made the same argument about the public interest and possibility of deterrence." *Combs II*, 2024 WL 4635309, at *6 (collecting cases); *see also Combs I*, 2024 WL 863705, at *5 ("The Court agrees that this [concern with deterrence to other sexual assault victims] is certainly a public interest; however, this has been repeatedly rejected by courts in this District as an adequate basis by itself to warrant anonymity." (internal quotation marks omitted) (collecting cases)); *Weinstein*, 484 F. Supp. 3d at 98 (rejecting a deterrence argument).

Turning to factor nine, the Court considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190. That is not the case here. Plaintiff's "claims are factual in nature, which weighs against anonymity." *Combs III*, 2025 WL 268515, at *5; *see Combs I*, 2024 WL 863705, at *5 ("This action ultimately does not involve a purely legal issue, where the public interest in the parties' identities is low."). These three public interest factors thus all weigh against granting Plaintiff's motion.

### E.  Factor Six: Defendants' Prejudice

Factor six examines "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. In assessing whether such prejudice exists, courts "examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously." *Townes*, 2020 WL 2395159, at *5. Here, the risk of prejudice to Defendants strongly weighs against granting Plaintiff's motion.

Plaintiff argues that he "was anonymous to Combs before, during and after the sexual assault described in the Complaint." Motion at 6. But "[t]he fact that the plaintiff was a stranger to Combs at the time of the assault does not obviate the disadvantage faced by the defendants if the plaintiff's identity is unknown during the course of the lawsuit." *Combs III*, 2025 WL 268515, at *4. That is because, regardless of whether Combs knew Plaintiff before, during, or after the assault, Plaintiff's use of a pseudonym "would cause a significant asymmetry in fact-gathering." *Id.*; *accord Combs I*, 2024 WL 863705, at *4 ("[W]hen one party is anonymous while others are not, there is an asymmetry in fact-gathering. This asymmetry is more profound in cases involving substantial publicity, because information about only one side may come to light as a result." (internal quotation marks and citation omitted)).

Plaintiff endeavors to minimize any prejudice to Defendants by noting that they would be

able to depose witnesses, access Plaintiff's discoverable information, and obtain relevant documents. Motion at 7. But "[c]learly, Defendants need to know Plaintiff's identity to depose h[im] and to prepare to depose h[im]. If Defendants do not know who their accuser is, they cannot thoroughly investigate h[is] allegations and h[is] background and otherwise prepare a defense to h[is] claim that each defendant is liable." *Combs II*, 2024 WL 4635309, at *5. Mr. Buzbee's offer that, "[i]f required by this Court, [he] will disclose Plaintiff's name to counsel for Defendants," Buzbee Decl. ¶ 3, is insufficient to resolve the prejudice concerns. Because "[h]ighly publicized cases can cause unknown witnesses to surface," maintaining only one party's identity confidential creates a risk that only witnesses for that side would "come to light." *Combs II*, 2024 WL 4635309, at *5 (internal quotation marks omitted). As a result, "persons with information about Plaintiff or [his] allegations that would be helpful to the defense likely would have no way of knowing to come forward. This asymmetry between the parties not only would prejudice Defendants, but would hinder the judicial interest in accurate fact-finding and fair adjudication." *Id.* (internal quotation marks omitted and alterations adopted); *see Combs III*, 2025 WL 268515, at *4 ("Particularly in a high profile case in which unknown witnesses may surface, use of a pseudonym may prevent information favorable to the defendants from coming to light. Additionally, the plaintiff's anonymity may undermine the defendants' efforts to mitigate the alleged reputational damage stemming from these serious allegations.").

Plaintiff further argues that any prejudice would be insubstantial because this case is at its "earliest stages." Motion at 7. Since Plaintiff filed his motion, however, this litigation has proceeded, with the Court setting a briefing schedule on Defendants' anticipated motion to dismiss and directing the parties to propose a case management plan with discovery deadlines. But even assuming that Defendants may face somewhat less prejudice from Plaintiff proceeding anonymously at this stage than later in the litigation, factor six still weighs in favor of disclosure.

### F.  Factor Ten: Alternative Protections

Finally, factor ten asks "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."  *Sealed Plaintiff*, 537 F.3d at 190.  Here, "Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order."  *Combs II*, 2024 WL 4635309, at *6; *accord Combs III*, 2025 WL 268515, at *5 (same).  Accordingly, factor ten weighs against granting Plaintiff's request for blanket anonymity.

\* \* \*

In sum, factors one and seven weigh in favor of Plaintiff, while the remaining factors are either neutral or weigh against continued anonymity.  With the balance of factors tilting in favor of disclosure, Plaintiff has not overcome the presumption that he will proceed under his own name in this action.

### IV.  Conclusion

Accordingly, Plaintiff's renewed motion to appear anonymously is denied.  Plaintiff shall file an amended complaint with his true name by April 4, 2025.  If an amended complaint is not filed by that date, or if that deadline is not extended, the Court will dismiss the Complaint without prejudice.  The Clerk of Court is respectfully directed to close Docket Number 14.

SO ORDERED.

Dated: March 28, 2025
      New York, New York
_____
JOHN P. CRONAN
United States District Judge