April 1, 2025

**BY ECF**
The Honorable John P. Cronan
United States District Judge
500 Pearl Street
New York, NY 10007

      Re:    *Doe v. Combs, et. al.*, Case No. 24-cv-08852 (JPC)

Dear Judge Cronan:

      We write jointly on behalf of the Plaintiff in this action and defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants").

      The undersigned parties respectfully request that the Court's previously ordered deadline to submit a case management plan, currently scheduled for April 4, 2025 be adjourned pending resolution of the Combs Defendants' motion to dismiss. *See* ECF #42.

      All parties believe that it will be more efficient to defer discovery pending resolution of the motion to dismiss. If the motion is successful, it may result in complete dismissal of this action in its entirety or against certain defendants, which could significantly alter the scope of discovery that needs to be conducted.

      Discovery in this matter is further complicated by the impending criminal trial of Defendant Sean Combs, which is scheduled to begin before Judge Subramanian on May 5, 2025. *See USA v. Combs*, Case No. 24-cr-00542 (S.D.N.Y.). The parties agree that it is impractical to proceed with various aspects of fact discovery involving Mr. Combs until this criminal trial is concluded. Deferring a case schedule pending the motions to dismiss will therefore have the added benefit of allowing time for the criminal matter to conclude.

Hon. John P. Cronan
April 1, 2025
Page 2 of 2

Respectfully submitted,

| | |
|---|---|
| <u>/s/ Mark Cuccaro</u> | <u>/s/ Antigone Curis</u> |
| Mark Cuccaro | Antigone Curis |
| SHER TREMONTE LLP | CURIS LAW, PLLC |
| 90 Broad Street, 23rd Fl. | 52 Duane Street, 7th Fl. |
| New York, New York 10004 | New York, NY 10007 |
| T: 212.202.2600 | (646) 335-7220 |
| mcuccaro@shertremonte.com | antigone@curislaw.com |
| *Counsel for the Combs Defendants* | *Counsel for Plaintiff John Doe* |

The Court construes the parties' letter as a joint motion to stay discovery. "A motion to dismiss does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, No. 24 Civ. 2168 (JAM), 2024 WL 4814236, at *4 (E.D.N.Y. Nov. 18, 2024) (internal quotation marks omitted). Rather, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks omitted). "A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," and in evaluating whether to stay discovery pending the disposition of a motion to dismiss, "courts typically consider: (1) whether the [d]efendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (internal quotation marks omitted).

After weighing these factors, the Court concludes that good cause exists to stay discovery in this case. Particularly important to the Court's conclusion is that Defendant Sean Combs is awaiting a criminal trial in this District, and his unavailability would significantly complicate fact discovery. Without purporting to pass on the merits of the pending motion to dismiss, the corporate defendants have challenged whether Plaintiff has stated a claim for their liability and disposition of that question in the first instance would avoid any prejudice from subjecting those defendants to discovery in the interim. As Plaintiff has joined the motion to stay discovery, the Court sees no resulting prejudice to him.

Accordingly, discovery in this matter is stayed pursuant to Federal Rule of Civil Procedure 26(c) pending the Court's ruling on Defendants' motion to dismiss. The parties' April 4, 2025 deadline to submit a case management plan is adjourned *sine die*. The Clerk of Court is respectfully directed to close Docket Number 44.

SO ORDERED.
Date: April 2, 2025
New York, New York

JOHN P. CRONAN
United States District Judge