UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

             *Plaintiff*,                              No. 1:24-cv-08852-JPC

             v.                                   Hon. John P. Cronan

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL
DOES 1-10, and INDIVIDUAL DOES 1-10,

             *Defendants*.

--------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO COMBS DEFENDANTS' MOTION TO DISMISS

                                   **CURIS LAW, PLLC**
                                   Antigone Curis
                                   52 Duane Street, 7th Floor
                                   New York, New York 10007

       Plaintiff JOHN DOE ("Plaintiff"), by and through his undersigned counsel Curis Law PLLC, hereby files this Memorandum of Law in Opposition to Defendants motion to dismiss Plaintiff's Complaint pursuant to § 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

## PRELIMINARY STATEMENT

In or around 2022, Plaintiff was sexually assaulted by Defendant Sean Combs after being drugged at a house party.  Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants" and, exclusive of Sean Combs, the "Company Defendants") move to dismiss Plaintiff's complaint (Dkt. 1, 51) on two grounds.  First, the Combs Defendants assert that the complaint fails to plead the element of gender animus required under the Victims of Gender Motivated Violence Law ("GMVL").  Second, the Combs Defendants contend that the complaint does not allege conduct by the Company Defendants sufficient to find liability.  Defendants' arguments are misplaced and the Motion must be denied.

## FACTUAL BACKGROUND

In or around 2022, Plaintiff (then 39 years old) attended a party hosted by Defendant Sean Combs in a large, glamorous home in New York City. Plaintiff attended the party with friends and started the evening off with socializing with other guests at the party. During the course of the night, Plaintiff consumed alcohol that had been provided to him.

After consuming the drink, Plaintiff began to feel disoriented and began to lose control of his body. He began to lose consciousness. Indeed, shortly after having the drink, Plaintiff blacked out. When Plaintiff regained consciousness, he was in a dark bedroom with black walls, on a bed with black sheets. Everything around Plaintiff was dark. Plaintiff was horrified to find Combs on top of him, sodomizing him. Plaintiff in a state of shock and confusion, forcefully fought Combs off and fled the room, making his way into a nearby bedroom. There, Plaintiff was able to discovery and observed that his anus was bleeding, and that he still feeling severely disoriented.

2

Despite still being in a dazed and disoriented state, Plaintiff fled the house in an effort to escape the situation as quickly as possible. He did not return to the party after the assault.

Plaintiff was traumatized by the assault and continues to experience severe emotional distress as a result of what he endured at the hands of Combs.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## ARGUMENT

### A.    Plaintiff Has Adequately Pleaded Gender Animus

Under the GMVA, a crime is "motivated by gender" if it involves "an animus based on the victim's gender" (NYC Admin. Code §10-1104). Courts have repeatedly held that sexual violence inherently demonstrates gender-based animus:

- *Breest v. Haggis* (180 AD3d 83, 94 [1st Dept. 2019]): "Without consent, sexual acts… are a violation of the victim's bodily autonomy and an expression of contempt for that autonomy. Animus inheres where consent is absent."

- *Engelman v. Rofe* (194 A.D.3d 26 [1st Dept. 2021]): Found gender-based animus in sexual assaults involving groping and coerced sexual acts.

Here, Plaintiff alleges acts of sexual violence—including rape —that dehumanized him and disregarded his autonomy. Such acts clearly demonstrate gender-based animus, both on its face as well as within the aforementioned binding precedent.  Moreover, the GMVA does not require Plaintiffs to show animus directed at an entire gender group. Individual instances of gender-based violence satisfy the animus requirement (*Cespedes v. Weil*, 2021 WL 495752 [Sup. Ct. 2021]).

The Combs Defendants would have this Court believe that only violent sexual acts committed by a man against women are evident of animus against women and the same cannot be true for male-on-male sexual abuse. However, that is against the legislative intent of the GMVL and simply illogical. It does not follow that just because Mr. Combs sexually assaulted people of both genders does not mean that his sexual abuse towards men was not due to an animus against the male gender.

Therefore, the Complaint should not be dismissed as the Plaintiff has sufficiently established gender animus.

**B.    Plaintiff's Allegations Against the Company Defendants Are Sufficient At This Stage**

Here, the Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-7, 20, 24-30.  Further, the Complaint pleads that the Corporate Defendants created the conditions by which Combs could pursue his tortious conduct.

Generally, negligent hiring, retention, and supervision claims "require allegations that an employer knew of its employee's harmful propensities, that it failed to take necessary action, and that this failure caused damage to others." *See Bumpus v. New York City Transit Authority*, 47

A.D.3d 653 (2d Dept. 2008). However, New York Courts, including the Court of Appeals, have held that a defendant may be held liable for creating the circumstances which lead to abuse, regardless of whether a defendant had prior notice of a perpetrator's abusive propensity. *See Bell v Bd. Of Educ.*, 90 N.Y.2d 944, 947 (1997), holding ("[t]he criminal intervention of third parties may, however, be a reasonably foreseeable consequence of circumstances created by the defendant." *See also John Doe v. Fulton School Dist.*, 35 A.D.3d 1194, 1195 (4th Dept. 2006) (holding that a jury could find that the injury to the plaintiff's son was a reasonably foreseeable consequence of the defendant district's failure to provide adequate supervision, even in the absence of notice of a prior sexual assault); *Coon v. Board of Educ.*, 160 A.D.2d 403, 403 (1st Dept. 1990) ("[t]he duty of a school district to supervise is unqualified and mandatory. Where duty to supervise is mandatory, notice is not an issue."); *Gonzalez v. Mackler*, 19 A.D.2d 229, 231 (1st Dept. 1963) (holding that even in the absence of allegations that there had been prior notice, issues of fact existed concerning whether the occurrence was proximately caused by the "omission to supply supervision").

Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business,' the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee…The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer take reasonable care in making decisions respecting the hiring and retention' of the employee." *Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept. 2018) (internal citations omitted). Here, the allegations of the Complaint show a possibility

that the Company Defendants may be liable for, at minimum, a failure to supervise.  Defendants'

motion must therefore be denied.

<u>**CONCLUSION**</u>

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants

Motion to Dismiss in its entirety.

Dated: April 30, 2025

      Respectfully submitted,

      **CURIS LAW, PLLC**

      By: <u>*/s/ Antigone Curis*</u>

      **CURIS LAW, PLLC**
      Antigone Curis
      antigone@curislaw.com
      52 Duane Street, 7th Floor
      New York, New York 10007
      Phone: (646) 335-7220
      Facsimile: (315) 660-2610