UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DEXTER WITHERS, :
 :
               Plaintiff, :
 :
          v. :  Case No. 24-CV-08852 (JPC)
 :
SEAN COMBS, DADDY'S HOUSE :  **ORAL ARGUMENT REQUESTED**
RECORDINGS INC., CE OPCO, LLC d/b/a :
COMBS GLOBAL f/k/a COMBS ENTERPRISES :
LLC, BAD BOY ENTERTAINMENT HOLDINGS, :
INC., BAD BOY PRODUCTIONS HOLDINGS, :
INC., BAD BOY BOOKS HOLDINGS, INC., BAD :
BOY RECORDS LLC, BAD BOY :
ENTERTAINMENT LLC, BAD BOY :
PRODUCTIONS LLC, ORGANIZATIONAL :
DOES 1-10, and MACY'S INC. :
 :
               Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AGAINST THE COMBS DEFENDANTS


SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LL*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ..................................................................................................................................... 1

I.     PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM ................................................................................. 1

II.    THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY ..................................................................................................... 3

CONCLUSION ................................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Breest v. Haggis*,
  180 A.D.3d 83 (1st Dep't 2019) .................................................................................................. 2

*Cespedes v. Weil*,
  2021 WL 495752 (Sup. Ct. N.Y. Cnty. Feb. 10, 2021) ............................................................... 2

*Dolatabadi v. Finley*,
  2023 WL 8895388 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) ............................................................ 2

*Garcia v. Comprehensive Ctr., LLC*,
  2018 WL 3918180 (S.D.N.Y. Aug. 16, 2018) ............................................................................ 2

*O'Rear v. Diaz*,
  2025 WL 283169 (S.D.N.Y. Jan. 23, 2025) ................................................................................ 3

**Other Authorities**

N.Y.C. Admin. Code § 10-1104 ..................................................................................................... 3

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their motion to dismiss. This motion to dismiss was initially filed against the Complaint (ECF #1), which was amended for the sole purpose of disclosing Plaintiff's name following the denial of his motion to proceed under a pseudonym. *See* ECF #51 ("First Amended Complaint" or "FAC"). The Combs Defendants respectfully request that the Court apply this pending motion to dismiss to the otherwise identical First Amended Complaint.

### PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim under the GMVL fails as a matter of law. Plaintiff's efforts in his opposition brief (ECF #54, "Opposition" or "Opp.") to refute these arguments entirely fail.

Plaintiff's GMVL claim fails because it does not allege the required element of gender animus. Plaintiff does not allege any facts supporting a plausible inference that Mr. Combs' alleged same-sex assault against him was somehow motivated by Mr. Combs' hatred for his own gender, nor can such animus be presumed under New York law.

Plaintiff's claims against the Company Defendants also independently fail because no basis for liability against them has been pled. Plaintiff barely even attempts to defend these claims and has made no substantive allegations of involvement by any Company Defendant in the alleged assault.

### ARGUMENT

**I.   PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM**

Plaintiff incorrectly argues that the "gender animus" element of a GMVL claim is

---

[1]   Abbreviations defined in the initial moving brief (ECF #58, "MOL") are used again herein.

1

automatically satisfied because he has alleged a sexual assault. Opp. at 9 (citing *Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019)). However, *Breest's* holding that gender animus can be inferred when a male allegedly rapes a female should not be extended to same-sex assaults. While it may be reasonably inferable that a man who sexually assaults women harbors animus towards women, it does not follow that same sex assaults are necessarily based on self-loathing hatred of the assailant's own gender. Moreover, the First Amended Complaint directly undermines the idea that animus can be inferred from the alleged assault because it (falsely) alleges that Mr. Combs has indiscriminately victimized both genders. *See* FAC ¶ 21. The legislative history of VAWA (the stricken federal statute that the GMVL was intended to replace) supports the conclusion that assaults focused on *one* gender are uniquely indicative of animus. *See* Sen. Rep. No. 103-138 at 60(1993) (stating that potential evidence of animus included "that the attacker had a long history of attacking persons of that sex, but not those of the opposite sex").

For this reason, Plaintiff must allege specific facts showing evidence of animus apart from the mere allegation of assault, and he has not done so. *See Dolatabadi v. Finley*, 2023 WL 8895388, at *2 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) (dismissing GMVL claim because pleading alleged no "actual language or specific details that would support the claim that the assault was motivated by an animus towards the male gender"); *see also Garcia v. Comprehensive Ctr., LLC*, 2018 WL 3918180, at **1, 5 (S.D.N.Y. Aug. 16, 2018) (holding that GMVL claim based on assault failed to allege gender animus despite defendant's alleged sexualized comments).[2]

---

[2] Plaintiff inaccurately cites *Cespedes v. Weil*, 2021 WL 495752 (Sup. Ct. N.Y. Cnty. Feb. 10, 2021) for the proposition that the "GMVA does not require Plaintiffs to show animus directed at an entire gender group." Opp. at 4. *Cespedes* does not say this. To the contrary, that court found that the male defendant's use of terms "bitch" and "whore" and history of violence towards other women supported the requisite "inference that he harbored an animus against women in general." *Cespedes,* 2021 WL 495752 at *6.

2

## II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

The Complaint fails to allege liability against the Company Defendants, which can only be imposed on a party that "commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. The Opposition barely even attempts to address this point. Plaintiff does not attempt to refute that the Complaint lacks any allegation that the Company Defendants facilitated, or even knew of, the alleged assault. *See* MOL § II. Nor does Plaintiff deny that the Complaint lumps all of the Company Defendants together without pleading any specific acts attributable to specific defendants. *See id.*

Instead, Plaintiff argues (citing boilerplate allegations from the Complaint) that the Company Defendants "created the conditions by which Combs could pursue his tortious conduct," based on the allegation that Mr. Combs held a position of authority at those entities, and they "had or should have had" knowledge of his alleged propensity for sexual misconduct. *See* Opp. at 4. Rather than supporting Plaintiff's argument, these citations illustrate just how conclusory and contentless his allegations against the Company Defendants are. *See Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023, Dkt. # 127 at 4 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) (rejecting "conclusory" allegation that entity defendant "enabled" a GMVL violation through its role in installing alleged assailant in a supervisory position).

Plaintiff incorrectly implies that the Company Defendants could be liable for negligent hiring or supervision. *See* Opp. at 4-5. But negligence is not a basis for holding a company liable under the GMVL, which requires active involvement by a party that "commits, directs, enables, participates in, or conspires in" the underlying crime of violence. N.Y.C. Admin. Code § 10-1104; *see also O'Rear v. Diaz*, 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing GMVL claim against employer based on employee's alleged rape of another employee at the office

3

following a company event because the employer "did not have foreknowledge of the crime" and "did not facilitate it"). Moreover, even if negligence sufficed (it does not), no facts have been pled that support such a finding: the alleged sexual assault of a non-employee off-premises was neither foreseeable nor preventable by the Company Defendants. *See* MOL at 8.

## CONCLUSION

For all the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order dismissing the Amended Complaint against them in its entirety with prejudice.

Dated: May 23, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

4

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 1,052 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: May 23, 2025
       New York, New York

                              Respectfully submitted,

                              SHER TREMONTE LLP

By:  */s/ Mark Cuccaro*
      Mark Cuccaro